IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DANNY E. McDANIEL,**

      **Plaintiff,**

vs.                                                   Case No.: 4:05cv112-RH/WCS

**JAMES V. CROSBY, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate proceeding *pro se*, has filed an emergency motion to compel court for injunctive relief. Doc. 3. In his motion, Plaintiff alleges that several of the Defendants conspired together to fabricate a disciplinary report against Plaintiff and threaten him concerning his medicine bag. Doc. 3. Plaintiff states that he fears "immediate and ongoing irreparable injury from Defendants" without protection from the Court. *Id.*

      Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). To guide in this discretion, the Court must find that a plaintiff has established:

>    (1) a substantial likelihood of success on the merits;
>
>    (2) a substantial threat of irreparable injury if the injunction were not granted;
>
>    (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and
>
>    (4) that granting the injunction would not disserve the public interest.

Carillon Importers, Ltd., 112 F.3d at 1126; Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994); United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

A cursory review of Plaintiff's complaint, doc. 1, reveals that Plaintiff does not face a "substantial likelihood of success on the merits." Plaintiff indicates that his civil rights complaint concerns a disciplinary report which resulted in the loss of gain time and which has not been restored. *Id.*, at 4. Pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), a civil rights case is not ripe if the result would interfere with the length of time the prisoner would remain in prison. *See also* Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). That is not to say that Plaintiff will not be able to present a viable claim, but based on the allegations of the complaint at this time, Plaintiff has not demonstrated a substantial likelihood of success.

Moreover, should Plaintiff be able to prove the truth of his allegations in the complaint for violations of his First and Fourteenth Amendment rights, he would be able to recover damages under 42 U.S.C. § 1983.  Indeed, Plaintiff is seeking monetary damages in the complaint as relief.  Doc. 1.  Because Plaintiff has an adequate remedy at law, there can be no finding of "irreparable" injury.  The unavailability of an adequate remedy at law is essentially a prerequisite to a finding of irreparable injury.  <u>Jefferson County</u>, 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.").  Failing to issue an injunction in this case would not constitute a "substantial threat of irreparable injury."

Nevertheless, Plaintiff has stated in the instant motion that Defendant Rogers has threatened him and he fears physical abuse.  Plaintiff alleges that Defendants Gaskell and Rogers have conspired with each other to harm Plaintiff.  Doc. 3.  By separate order, the Clerk will be directed to send a copy of Plaintiff's motion to the Office of the Inspector General.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's emergency motion for a protective order, doc. 3, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 30, 2005.

                               s/    William C. Sherrill, Jr.
                               **WILLIAM C. SHERRILL, JR.**
                               **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**