**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DANNY E. McDANIEL,**

       **Plaintiff,**

vs.                                        **Case No.: 4:05cv112-RH/WCS**

**JAMES V. CROSBY, et al.,**

       **Defendants.**

       _____/

## O R D E R

Plaintiff, an inmate proceeding *pro se*, previously filed an emergency motion to compel seeking injunctive relief. Doc. 3. A report and recommendation was entered, doc. 6, denying the motion; the report and recommendation was adopted, doc. 11, and the motion was denied. Plaintiff has now filed a notice of interlocutory appeal, doc. 13, and a motion for leave to proceed *in forma pauperis* on appeal. Doc. 16. The *in forma pauperis* motion will be addressed in a separate order; however, this order is entered to advise Plaintiff that the appeal does not deprive this court of jurisdiction. An order that disposes of fewer than all the claims of all the parties to an action is not final or immediately appealable to the Court of Appeals unless the district court certifies the order for immediate appeal pursuant to Fed. R. Civ. Proc. 54(b). *See* 28 U.S.C. § 1291; Williams v. Bishop, 732 F.2d 885, 885-886 (11th Cir. 1984). The prior report and

recommendation and adopting order did not dispose of all claims, and the order was not certified. Therefore, the Eleventh Circuit Court of Appeals does not acquire jurisdiction, Plaintiff's attempted interlocutory appeal is invalid, and this court has not lost jurisdiction.

Plaintiff was previously granted leave to proceed *in forma pauperis* for this case, doc. 9, and was directed to submit a small initial partial filing fee. Doc. 9. Plaintiff has now paid that fee, doc. 12, and the merits of the complaint may now appropriately be reviewed as is required by 28 U.S.C. § 1915A.

There are several problems with Plaintiff's complaint, and after providing information to Plaintiff on possible remedies and options, Plaintiff will be given an opportunity to submit an amended complaint. Plaintiff is reminded that this Court has not lost jurisdiction and should Plaintiff not comply with this Order, a report and recommendation will be entered recommending dismissal for failure to comply with court orders.

Plaintiff alleges that he was given a fabricated disciplinary report for which he lost gain time and which, according to Section III of the complaint form, the gain time has not been restored. Doc. 1, p. 4. However, in the section of the complaint where Plaintiff presents the factual basis of his claims, it does not appear that Plaintiff lost gain time as a result of the disciplinary report. *Id.*, at 12. Instead, it appears Plaintiff was only sentenced to 30 days of disciplinary confinement. *Id.* Thus, in submitting an amended complaint, Plaintiff should accurately present the results of the disciplinary hearing.

In general, Plaintiff's allegations are sufficient to state a claim. There are numerous Defendants in this case, however, and each allegation against each Defendant has not been carefully reviewed because it is not clear that Plaintiff

exhausted his administrative remedies. Plaintiff indicates within the body of the complaint that he filed an appeal to the Secretary's Office concerning the disciplinary report. Doc. 1, p. 12. That procedure is improper, however, because the rules require inmates to first submit a formal grievance and then, after eighter a response or the appropriate period of time has passed, inmates can proceed to the appeal with the Secretary. Another problem is that Plaintiff does not indicate that he grieved the actions of all the other officers before filing this lawsuit. Indeed, in section III of the complaint form Plaintiff states that he did not submit a formal grievance because "exhausting administrative remedies would be fruitless." *Id.*, at 4.

The only documents attached to the complaint are copies of inmate requests and several informal grievances. Doc. 1, attachments. The informal grievances were denied. Therefore, Plaintiff was required to appeal that decision through the three-step grievance process. Accordingly, it does not appear that any of Plaintiff's claims are ripe for consideration in this case because none of his claims are exhausted.

Since passage of the PLRA, 42 U.S.C. § 1997e(a) now provides: "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added.) The exhaustion requirement of § 1997e(a) is mandatory, and the Court lacks discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular

episodes, and whether they allege excessive force or some other wrong.");
Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons). Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom, 223 F.3d at 1261, *citing* Alexander, 159 F.3d at 1323. Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).

Additionally, prisoners must comply with the process set forth and established by the grievance procedures. *See* Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Even if a grievance is initially denied as untimely, a prisoner must appeal the denial of his grievance. *See* Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999)(noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown"). Failure to exhaust available administrative remedies is the functional equivalent of failing to state a claim and, thus, should be counted as a strike under 28 U.S.C. § 1915(g). *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.), *cert. denied* 524 U.S. 978 (1998) (stating that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.").

Plaintiff is housed within the Florida Department of Corrections. Florida prisons have an administrative grievance program. *See* FLA. ADMIN. CODE CH. 33-103. If Plaintiff did not exhaust administrative remedies on any of his claims, Plaintiff is directed to file a notice of voluntary dismissal under FED. R. CIV. P. 41(a), or risk dismissal of this case for failure to state a claim. If, on the other hand, Plaintiff *can* demonstrate that some of his claims are exhausted, Plaintiff should file an amended complaint presenting only those claims that were administratively exhausted prior to filing this cause of action.

If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984). Therefore, if Plaintiff cannot state exactly how a particular Defendant harmed him, Plaintiff should delete or drop that person as a Defendant from the complaint. In presenting the claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend the complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." The amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original complaint. An amended complaint completely replaces all previous complaints and they

are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint containing an original signature with the Court and keep an identical copy for himself. Plaintiff need not file service copies until instructed to do so by the Court.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court is directed to forward to Plaintiff a § 1983 complaint form along with one additional copy of the complaint, if available, so that Plaintiff can file the amended complaint in its entirety.

2. Plaintiff shall have until **July 18, 2005**, to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms. Alternatively, Plaintiff should file a notice of voluntary dismissal under Rule 41 by this same deadline.

3. **Failure to comply with the order of this court may result in a recommendation of dismissal of this action.**

4. The Clerk of Court shall return this file to the undersigned upon receipt of Plaintiff's amended complaint or Rule 41 notice of voluntary dismissal, or no later than July 18, 2005.

**DONE AND ORDERED** on June 7, 2005.

                s/ William C. Sherrill, Jr.
                **WILLIAM C. SHERRILL, JR.**
                **UNITED STATES MAGISTRATE JUDGE**