IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DANNY E. McDANIEL,**

    **Plaintiff,**

vs.                                                   **Case No.: 4:05cv112-RH/WCS**

**JAMES V. CROSBY, et al.,**

    **Defendants.**

                                              /

## SECOND REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed another emergency motion to compel court for injunctive relief. Doc. 25 (doc. 3 was the previous motion). In his second motion, Plaintiff alleges that he has been placed in administrative confinement and is deprived of religious items and access to his legal papers. Doc. 25. Plaintiff contends he has been threatened with physical abuse by one of the Defendants in this case. *Id.* Specifically, Plaintiff contends that he was told that his head would be shaven again and "this time no hair will grow back." *Id.*

Plaintiff also contends he has been "totally deprived of any type practices of his religious freedoms" and requests that the Court enjoin the Defendants from committing any abuse against Plaintiff or of continuing to deprive Plaintiff of his religious freedom. *Id.*

First, it is noted that Plaintiff was recently directed to file an amended complaint. Doc. Doc. 18. Plaintiff has until August 1, 2005, to file the amended complaint which must demonstrate exhaustion of administrative remedies. *See also* doc. 22. It is not clear at this time that Plaintiff's case can proceed.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983). To guide in this discretion, the Court must find that a plaintiff has established:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury if the injunction were not granted;

    (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

    (4) that granting the injunction would not disserve the public interest.

<u>Carillon Importers, Ltd.</u>, 112 F.3d at 1126; <u>Church v. City of Huntsville</u>, 30 F.3d 1332, 1342 (11th Cir. 1994); <u>United States v. Jefferson County</u>, 720 F.2d 1511, 1519 (11th Cir. 1983). Because Plaintiff has not shown a "substantial likelihood of success on the merits" in that he must file an amended complaint, the instant motion should be denied. Additionally, as was the case with Plaintiff's first emergency motion for injunctive relief, the complaint form indicates that Plaintiff received a disciplinary report resulting in the loss of gain time which has not been restored. *Id.*, at 4. Although it is possible that Plaintiff did not lose gain time (due to inconsistent statements of fact within the body of the complaint), if Plaintiff *did* lose gain time which remains forfeited, this case could be

barred under <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). This provides an additional basis for the conclusion that Plaintiff has not demonstrated a substantial likelihood of success.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second emergency motion for a protective order, doc. 25, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 15, 2005.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No.: 4:05cv112-RH/WCS