IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**DANNY E. McDANIEL,**

    **Plaintiff,**

**vs.**           **Case No.: 4:05cv112-RH/WCS**

**JAMES V. CROSBY, et al.,**

    **Defendants.**

    _____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed an amended complaint. Doc. 31. The amended complaint was filed in response to the prior court order, doc. 18, which was entered on June 7, 2005, directing Plaintiff to either file a notice of voluntary dismissal if Plaintiff was unable to demonstrate that he had previously exhausted administrative remedies or file an amended complaint. Doc. 18. Plaintiff has now submitted an amended complaint, but the grievances Plaintiff has now submitted in an effort to demonstrate exhaustion were filed well after this case was initiated in March of 2005. Many of the grievances (apparently trying to appeal the denial of earlier grievances) are dated in July and August, *after* issuance of the court order advising Plaintiff that he had to have exhausted administrative remedies *prior* to filing this case.

Under the Prison Litigation Reform Act, an inmate may not bring an action regarding his prison conditions "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement of § 1997e(a) is mandatory, and the Court lacks discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").  Indeed, § 1997e(a) "makes exhaustion a precondition to filing an action in federal court."  Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (quoting Freeman v. Francis, 196 F.3d 641, 643-44 (6th Cir. 1999)), *quoted in* Leal v. Georgia Dept. of Corrections, 254 F.3d 1276, 1279 (11th Cir. 2001).  This means that a prisoner is precluded from filing suit in federal court "until such administrative remedies as are available are exhausted."  Leal, 254 F.3d at 1279.  Because Plaintiff did not exhaust administrative remedies *prior* to filing or initiating this case, this case is barred.

Failure to exhaust available administrative remedies is the functional equivalent of failing to state a claim and, thus, should be counted as a strike under 28 U.S.C. § 1915(g).  *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.), *cert. denied* 524 U.S. 978 (1998) (stating that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.").

Accordingly, this case should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 31, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 12, 2005.


s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**